IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER REYES,

        Plaintiff,

v.                                Case No. 25-1243-JWB

HEARTLAND VETERANS NETWORK and
KANSAS DEPARTMENT OF LABOR,
BOARD OF REVIEW,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Heartland Veterans Networks' motion to dismiss. (Doc. 7.) The motion is fully briefed and ripe for decision. (Docs. 9, 10.) The motion is GRANTED for the reasons stated herein.

**I.    Facts**

On October 6, 2025, Christopher Reyes ("Plaintiff") filed a petition for judicial review in the 18th Judicial District Court of Sedgwick County, Kansas, seeking review of Defendant Kansas Department of Labor, Board of Review's (the "KDOL Board of Review") final decision on Plaintiff's unemployment insurance claim. (Doc. 4 at 1.) Plaintiff's sole claim for relief is under the Kansas Judicial Review Act (K.S.A. § 77-601 *et seq*.) (hereinafter "KJRA"). (*Id*. at 1–2.) Specifically, Plaintiff asks the court to "review the final decision of the Kansas Department of Labor, Board of Review . . . regarding his unemployment insurance claim." (*Id*. at 1.) In the petition, Plaintiff named the KDOL Board of Review and the Heartland Veterans Network as Defendants. (*Id*.) On October 30, 2025, Heartland Veterans Network (hereinafter "Defendant

Heartland") removed the case pursuant to 28 U.S.C. § 1442. (Doc. 1.)[1]  Defendant Heartland is "one of 18 Veteran Integrated Service Networks (VISN) across the country," that specifically covers Kansas.  *See* Veterans Health Administration – VISN 15, https://department.va.gov/integrated-service-networks/visn-15/ (last visited Nov. 17, 2025).  The U.S. Department of Veterans Affairs, which is an agency of the United States, is responsible for these 18 networks of responsibility.  *Id*.  The following week, Defendant Heartland filed the instant motion seeking dismissal of the claim against it.  (Doc. 7.)

**II.   Analysis**

Defendant Heartland argues that Plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), (*Id*. at 5), or for failing to state a claim upon which relief can be granted under 12(b)(6).  (*Id*. at 8.)  Because the court does not have subject matter jurisdiction over Plaintiff's claims against Defendant Heartland, there is no need to address its 12(b)(6) argument.

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).  When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6).  *Bell v. Hood*, 327 U.S. 678, 682 (1946).  Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).

---

[1] 42 U.S.C. § 1442(a)(1) authorizes removal to federal court when a civil action is filed against the United States of America, an agency of the United States, or any officer of the United States.

Defendant Heartland argues that the court lacks subject matter jurisdiction over Plaintiff's claim against it pursuant to the derivative jurisdiction doctrine because Congress has not authorized Plaintiff to file suit against the United States under the KJRA. (Doc. 7 at 5–7.)

The derivative jurisdiction doctrine bars a federal court from exercising subject matter jurisdiction over a case that is removed from state court to federal court when the state court was lacking subject matter jurisdiction. *See Gentry-Smith v. Saul*, No. 19-CV-04055-EFM, 2019 WL 6117966, at *1 (D. Kan. Nov. 18, 2019). Under the derivative jurisdiction doctrine, a federal court cannot exercise subject matter jurisdiction even if it could have had the plaintiff initially filed the case in federal court. *See id.* Hence, the derivative jurisdiction doctrine will preclude subject matter jurisdiction in cases where (1) a state court does not have subject matter jurisdiction, and (2) a defendant removes the case to federal court under 28 U.S.C. § 1442. These elements are met in the instant matter.

As an initial matter, "sovereign immunity shields the Federal Government *and its agencies* from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quotation omitted) (emphasis added). The U.S. Department of Veterans Affairs, commonly known as the VA, is a cabinet-level federal agency. *See Francis v. Shinn*, No. CV 22-02071-PHX-JAT (DMF), 2022 WL 17537768, at *4 (D. Ariz. Dec. 8, 2022) ("The Veteran's Administration is a federal agency."). A component of that federal agency is the Veterans Health Administration (VHA) which is the largest integrated health care system in the United States and is tasked with "provid[ing] complete medical and hospital service for the medical care and treatment of veterans." 38 U.S.C. § 7301(b). In fulfilling this mandate, the VHA has created an internal management layer that divided the U.S. into 18 regional systems of care that manage and coordinate VA healthcare facilities and services

across the U.S.[2] One such regional system is the Heartland Veterans Network, which covers the state of Kansas. *Id*. Accordingly, in the context of sovereign immunity, a suit against Defendant Heartland is a suit against the United States. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir.2001) ("Suits against the EPA, as against any agency of the United States, are barred by sovereign immunity, unless there has been a specific waiver of that immunity."); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (stating that sovereign immunity shields federal agencies from suit).

Here, the 18th Judicial District Court of Sedgwick County, Kansas, does not have subject matter jurisdiction over the claims brought against Defendant Heartland because the United States has not waived its sovereign immunity. A state court "lacks subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff has not identified any federal statute under which the United States waived sovereign immunity as to his claim. Plaintiff brought the instant action under the KJRA. (Doc. 4 at 1.) Under the KJRA, a state district court has jurisdiction to review Employment Security Board decisions. K.S.A. § 77-609(a). The Kansas state legislature cannot confer subject matter jurisdiction to federal district courts; that authority rests solely in the hands of Congress. *See Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). This court declines to infer that Congress has waived the United States' sovereign immunity under the KJRA. Accordingly, the District Court of Sedgwick County does not have subject matter jurisdiction over Defendant Heartland.

---

[2] *See About VHA*, U.S. Dep't of Veterans Affs., https://www.va.gov/health/aboutVHA.asp (last visited Nov. 17, 2025).

Second, Defendant Heartland removed the claims against it to federal court under 28 U.S.C. § 1442. (Doc. 1.) Therefore, the derivative jurisdiction doctrine precludes this court from exercising jurisdiction over the claim against Defendant Heartland.

After a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As previously discussed, Plaintiff's claim arises under the KJRA which "establishes the exclusive means of judicial review of [Employment Security Board decisions]." *See* K.S.A. § 77-606. For this reason, among others, it is clear that this court lacks subject matter jurisdiction over Plaintiff's claim brought against the KDOL Board of Review. (Doc. 4 at 1.) Accordingly, the claim brought against the KDOL Board of Review, shall be remanded to the Sedgwick County District Court.

### III. Conclusion

THEREFORE, the derivative jurisdiction doctrine bars this court from exercising subject matter jurisdiction over the claim brought against the Heartland Veterans Network. As such, Defendants' motion to dismiss Heartland Veterans Network from this matter is GRANTED.

FURTHER, Pursuant to 28 U.S.C. § 1447(c), the clerk is directed to REMAND this case to the Sedgwick County District Court.

IT IS SO ORDERED. Dated this 20th day of November 2025.

    __s/ John Broomes_____
    JOHN W. BROOMES
    CHIEF UNITED STATES DISTRICT JUDGE